IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| GEORGIA GAMBLING RECOVERY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BLITZ STUDIOS INC.,<br><br>Defendant. | * * * * * | CASE NO. 4:26-cv-882 (CDL) |
| GEORGIA GAMBLING RECOVERY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>VGW HOLDINGS LTD, *et al.*,<br><br>Defendants. | * * * * * | CASE NO. 4:26-cv-883 (CDL) |
| GEORGIA GAMBLING RECOVERY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DABBLE SPORTS LLC, *et al.*,<br><br>Defendants. | * * * * * | CASE NO. 4:26-cv-886 (CDL) |

O R D E R[1]

Plaintiff Georgia Gambling Recovery LLC filed the above captioned actions in the State Court of Muscogee County against

[1] The motions to remand pending in each of the captioned cases involve identical legal issues which are dispositive of the motions. The Court therefore decides those motions in this one order.

multiple defendants, asserting claims under O.C.G.A. § 13-8-3. The State Court entered a severance order under O.C.G.A. § 9-11-21, severing the improperly joined defendants. Defendants in the above captioned cases then filed notices of removal, asserting that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000. Plaintiff responded by filing a motion to remand, arguing that complete diversity does not exist and, even if it does, binding precedent exists creating an exception to removal and/or that supports the application of judicial estoppel to prevent removal here. For the following reasons, the Court finds removal was proper in each of these cases and denies the motions to remand (ECF No. 15 in 4:26-cv-882, ECF No. 21 in 4:26-cv-883, and ECF No. 16 in 4:26-cv-886).

FACTUAL BACKGROUND

Plaintiff Georgia Gambling Recovery LLC, a limited liability company whose members are citizens of Florida and Texas, originally filed an action in the State Court of Muscogee County against multiple Defendants, asserting claims under O.C.G.A. § 13-8-3 to recover gambling losses allegedly suffered by Georgia residents. On May 23, 2026, the State Court entered a severance order pursuant to O.C.G.A. § 9-11-21, severing the improperly joined defendants. The above captioned Defendants, which had diversity of citizenship

compared to Plaintiff, then timely removed the severed actions to this Court.[2] Plaintiff responded by timely filing motions to remand.

DISCUSSION

An action can only be removed from state court to federal court if the action could have been brought in federal court in the first place—that is, this Court must have subject matter jurisdiction. 28 U.S.C. § 1441(a). If an action is initially nonremovable but later becomes removeable, a defendant generally has thirty days to file a notice of removal after receiving a pleading, motion, order, or other paper from which removability may first be ascertained. 28 U.S.C. § 1446(b)(3). Absent a finding that Plaintiff acted in bad faith, a case must be removed within one year of the commencement of the initial action. 28 U.S.C. § 1446(c)(1). Defendants assert that this Court has subject matter jurisdiction based on diversity jurisdiction. Plaintiff does not dispute that complete diversity of citizenship exists between the named Plaintiff and each Defendant or that the amount in controversy exceeds $75,000. Plaintiff seeks remand for three reasons. It maintains that (1) Georgia is the real party in interest and therefore complete diversity of citizenship does not

[2] To the extent Plaintiff challenges the timeliness of any of the above-captioned Defendants' notices of removal, those challenges are without merit. All above-captioned Defendants filed their notices of removal within thirty days of the state court's severance order and within one year of the filing of the initial state court complaint.

exist, (2) that removal was prohibited by an exception to removal jurisdiction, and/or (3) that Defendants should be judicially estopped from removing this action. The Court addresses each of Plaintiff's arguments in turn.

**I. Lack of Complete Diversity**

Plaintiff argues that this Court does not have subject matter jurisdiction because O.C.G.A. 13-8-3(b) operates as a *qui tam* statute and Georgia is therefore the real party in interest. A *qui tam* action permits a private individual, known as a relator, to bring an action as "a partial assignee" of the government, thereby pursuing the government's claim and asserting the injury suffered by the government. *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008)(per curiam)(quoting *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773 n.4 (2000)). There is no "common-law right to bring a *qui tam* action, which is strictly a creature of statute." *Id.* (quoting *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007)).

Plaintiff's argument ignores its obvious flaw. O.C.G.A. § 13-8-3 does not authorize a *qui tam* action. The statute upon which Plaintiff's claims are based provides that money or property paid upon a gambling consideration may be recovered from the winner by the loser and, after six months, by "any person" for the "joint use of himself and the educational fund of the county." O.C.G.A.

§ 13-8-3(b). The statute does not authorize a private individual to assert a claim belonging to the state of Georgia or to recover for an injury suffered by the State. Nor does the statute provide the government with "substantial authority over the action . . . including the rights to dismiss the action without the consent of the relator, to review the complaint *in camera* before it is served, and the right to veto or approve a settlement. *Stalley*, 524 F.3d at 1234 (noting the procedural controls the False Claims Act, a *qui tam* statute, provides to the government). Rather, the statute "allows the loser of a gambling consideration to maintain a private, civil action to recover damages from the winner." *Hardin v. NBC Universal, Inc.*, 660 S.E.2d 374, 375 (Ga. 2008). Thus, Plaintiff is the real party in interest in each of these cases, not the State of Georgia, and Plaintiff's argument fails accordingly.

## II. "Exception" to Diversity-Based Removal Jurisdiction

Although diversity jurisdiction otherwise exists here, Plaintiff cites to an exception that has been labeled the "voluntary-involuntary rule." This exception has potential application when the dismissal of a nondiverse defendant in the state court from which the removal was attempted was "the result of either the defendant's or the court's action against the wish of the plaintiff." *Insinga v. LaBella*, 845 F.2d 249, 252 (11th Cir. 1988)(per curiam). Plaintiff argues that the state court's

order severing these Defendants from the other defendants in the state court action was done against Plaintiff's wishes, and thus, the severed actions cannot be removed.

The principle that a plaintiff is the master of its own complaint is deeply embedded in our civil procedure. But it is not absolute. For example, and relevant here, a plaintiff may not force a defendant who is a citizen of another state to litigate the claims against it in state court by fraudulently joining a co-defendant who is a resident of the forum state. Under those circumstances, the federal court may disregard the citizenship of the fraudulently joined defendant in its determination of whether a removed action must be remanded to state court. The motions to remand here present a variation of this theme. Having been removed to federal court after the non-diverse defendants were severed from the state court action, these cases do not involve "fraudulent joinder" in the classic sense. First, at the time the case was removed, the claims against the nondiverse defendants were no longer pending because of the severance. And second, Defendants did not meet their "heavy burden" of establishing by clear and convincing evidence that there is no possibility the plaintiff could establish a cause of action against the resident defendants or that Plaintiff fraudulently pled jurisdictional facts to bring the resident defendants into state court. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011)(quoting *Crowe v.*

*Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). Instead, the state court judge determined that the defendants were misjoined, which is why he severed them.

The question presented is whether a defendant is barred from removing a claim to federal court based on diversity of citizenship when a state court determined that the claims against the nondiverse parties were misjoined but not fraudulently so. After careful consideration, the Court finds that if the state court has severed the nondiverse defendants from the diverse ones and there is no present opportunity to appeal that determination in the state court, then removal is proper if the federal court determines that the state court did not abuse its discretion in severing the claims based upon misjoinder.[3] Here, the severance determination is arguably not reviewable by the state appellate courts as long as the action remains pending in this Court and that determination is thus final. Furthermore, the state court did not abuse its discretion in severing the actions. Accordingly, the Court finds that it is not deprived of its diversity jurisdiction by the so-called voluntary-involuntary exception in this instance.

---

[3] The parties do not dispute that the severance order is interlocutory and thus subject to the Georgia law governing such orders, which do not provide Plaintiff with an immediate appeal as a matter of right. Under O.C.G.A. § 5-6-34(b), a party seeking immediate review of an interlocutory order must, within ten days of the order's entry, obtain from the trial court a certification that the order is of such importance that immediate review should be had. Plaintiff did not obtain this certificate and therefore, at the time of removal, no appellate proceeding concerning the severance order was pending.

**III. Judicial Estoppel**

Plaintiff also contends that Defendants should be judicially estopped from removing these actions because Defendants previously argued in state court that Plaintiff lacked standing under the Georgia Constitution. "Judicial estoppel 'prevents the perversion of the judicial process' and 'protects its integrity by prohibiting parties from deliberately changing positions accordingly to the exigencies of the moment.'" *United States v. Munoz*, 112 F.4th 923, 934 (11th Cir. 2024) (alteration in original)(quoting *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1180 (11th Cir. 2017)(en banc)). The test for judicial estoppel preliminarily depends on whether the party seeking to apply it was a party to the prior proceeding. *Id.* Because Plaintiff was a party to the prior state-court proceedings in which Defendants allegedly took an inconsistent position, Plaintiff clears this initial hurdle. The Court next considers the following three factors: (1) whether the party's two positions are clearly inconsistent; (2) whether the party succeeded in persuading the court to accept its earlier position; and (3) whether the party would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Id.* at 935-936.

Here, the second factor is dispositive. The State Court denied Defendants' motions to dismiss based on Plaintiff's alleged lack of standing under the Georgia Constiution. Thus, Defendants

did not succeed in persuading the State Court to adopt their position, and judicial estoppel does not bar Defendants from removing these actions.[4]

CONCLUSION

For the foregoing reasons, the Court finds that it has subject matter jurisdiction over the above captioned actions pursuant to 28 U.S.C. § 1332(a) and that remand is otherwise not authorized. Accordingly, the Court denies Plaintiff's motions to remand (ECF No. 15 in 4:26-cv-882, ECF No. 21 in 4:26-cv-883, and ECF No. 16 in 4:26-cv-886).[5]

IT IS SO ORDERED, this 28th day of October, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

[4] In its brief in support of its motion to remand, Plaintiff seeks to have the cases pending in this Court consolidated if they are not remanded. Such request needs to be made via a motion, so that the opposing side has the opportunity to respond.

[5] Having concluded that this Court has diversity jurisdiction over these cases, the Court finds it unnecessary to address whether it has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).